# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-669-RJC-DCK

| | |
|---|---|
| ANGELIQUE LANDRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on North Carolina's Motion to Dismiss and Motion for Remand, (Doc. No. 7), and its Motion for Sanctions, (Doc. No. 11). North Carolina moves to dismiss this case based on the Court's lack of subject matter jurisdiction, see FED. R. CIV. P. 12(b)(1), and Plaintiff Angelique Landry's ("Landry") failure to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6). (Doc. No. 7). North Carolina moves for sanctions against Landry for filing this allegedly meritless suit. (Doc. No. 11).

## I. BACKGROUND

State prosecutors brought misdemeanor charges against Landry for larceny and resisting a public officer in Mecklenburg County District Court. (Doc. No. 8 at 2). Landry removed her case to federal court rather than defend against these allegations in state court. (Doc. No. 1). North Carolina promptly moved to remand the case. (Doc. No. 7).

## II. STANDARD OF REVIEW

Where a motion for "remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act."

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (citing 28 U.S.C. § 1447(c)).  The Court must "construe removal jurisdiction strictly because of the significant federalism concerns implicated by it."  Barbour v. Int'l Union, 640 F.3d 599, 629 (4th Cir. 2011) (internal quotation omitted).  Removal of a state criminal action is an even larger imposition on state sovereignty, and is therefore only available in a narrow set of circumstances.  Cf. Younger v. Harris, 401 U.S. 37, 44-45 (1971) (respect for the dignity of state courts prohibits federal courts from enjoining pending state enforcement proceedings).

A federal officer or agency may remove a "criminal prosecution commenced in a State court . . . [based on] an act done under color of his office."  28 U.S.C. § 1442.  Also, anyone may remove a state criminal prosecution if they are "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal right, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443.

Where, as here, a party contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based . . . all facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be

2

supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

This is a criminal action. Therefore, this Court's jurisdiction may only be based on 28 U.S.C. §§ 1442 or 1443, which allow for the removal of state criminal prosecutions in certain narrow circumstances. But because Landry is not a federal officer and does not allege that she assisted any federal officer in the performance of his or her official duties, see (Doc. No. 1), her removal of this state criminal prosecution must comply with 28 U.S.C. § 1443(1). See 28 U.S.C. § 1442 (granting removal right to federal officers, agencies, or recipients of lands from federal officers); City of Greenwood v. Peacock, 384 U.S. 808, 814-15 (1966) (holding that 28 U.S.C. § 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties).

"To remove a case from a state court under 28 U.S.C. § 1443(1), a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976) (quoting Greenwood, 384 U.S. at 828); see also Georgia v. Rachel, 384 U.S. 780, 788

3

(1966). Landry does not claim that she has been "deprived of rights guaranteed by federal laws protecting against racial discrimination." (Doc. Nos. 1; 10; 11); see also McCain, 538 F.2d at 635. Landry, instead, relies on the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (Doc. No. 12 at 6-7). Landry cannot remove her case to this Court under 28 U.S.C. § 1443(1), or any other statutory authority. See 28 U.S.C. §§ 1331, 1332 (both referring to "civil actions"). This Court lacks subject matter jurisdiction and this case must be dismissed. Therefore, the Court does not reach the merits of North Carolina's 12(b)(6) motion.

B. Sanctions

The Supreme Court has held that a court's rule 11 sanctions may stand even where it is later determined that the court lacked subject matter jurisdiction. Willy v. Coastal Corp., 503 U.S. 131, 139 (1992); see also Segen v. Buchanan Gen. Hosp., Inc., 552 F. Supp. 2d 579, 584-89 (W.D. Va. 2007) (considering Rule 11 sanctions after ruling that the court lacked subject matter jurisdiction over controversy). But see Williams v. Long, 558 F. Supp. 2d 601, 607 n.5 (D. Md. 2008) ("Because I conclude that this Court lacks subject matter jurisdiction over the proposed counterclaims, it is not necessary for me to address plaintiffs' motion for Rule 11 sanctions.").

While it appears that this Court does have jurisdiction to levy Rule 11 sanctions, it will not. Federal Rule of Civil Procedure 11(c)(2) requires a party moving for sanctions to first serve the motion on the opposing party and allow them 21 days to correct the challenged action. North Carolina has not submitted evidence of its compliance with this requirement. See (Doc. No. 11: Motion for Sanctions) (certifying service on the same day the motion was filed with the Court).

## IV. CONCLUSION

This Court lacks subject matter jurisdiction and this case must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. North Carolina's Motion to Dismiss and Motion for Remand, (Doc. No. 7), is **GRANTED**;

2. North Carolina's Motion for Sanctions, (Doc. No. 11), is **DENIED**.

3. Landry's Notice of Petition and Petition for Warrant of Removal, (Doc. No. 1), is **DISMISSED**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge